UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES D. LEWIS,<br><br>          Plaintiff,<br><br>     v.<br><br>MARK ZUCKERBERG, et al.,<br><br>          Defendants. | Case No. 23-cv-04143-JSC<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Plaintiff, a federal prisoner who is proceeding without representation by an attorney, filed this civil complaint against Mark Zuckerberg, the corporations Facebook and Meta, the Internal Revenue Service, the Federal Communications Commission, and other unidentified defendants. (ECF No. 1.) He is granted leave to proceed in forma pauperis in a separate order. For the reasons explained below, the complaint is dismissed as frivolous.

## BACKGROUND

Plaintiff alleges in April or May 2023 he "put" 200 billion dollars in each of eight different technology companies (Meta, Facebook, Space X, Google, Instagram, Byte Dance, Intercontinental Exchange, and What's App) and 486 billion dollars in each of four different credit card companies. (ECF No. 1 at 1, 3.) He alleges in July 2023, "Mark Zuckerberg, Elon Musk, Media, News, etc. had a contest, bet, challenge, etc. worldwide Musk v. Zuckerberg" and "Musk made it public or private that Mark Zuckerberg, etc, was cheating with the new app called 'Threads.'" (*Id.* at 1.) He claims Defendants violated the "Blue Sky Law, the Investment Advising Act of 1940, Investment Company Act of 1940, Mark to Market Accountings, One Price Law, . . . Telecommunications Act of 1996, Americans with Disabilities Act of 1990, Uniform Partnership Act, Community Reinvestment Act, Revenue Act of 1913, . . . Second Chance Act of

1   2007," the Second, Seventh, Eighth, and Sixteenth Amendments of the United States Constitution,
2   the Uniform Commercial Code, "Universal Laws," "Blanket Bonds," "Common Carriers,"
3   "Universal Declaration of Human Rights," and approximately a dozen federal statutes. (*Id.* at 1-
4   2.) Plaintiff seeks to have these allegations "addressed," and alleges he "can apply" over 21
5   trillion dollars "as leverage, etc., under my tax form(s), etc." (*Id.* at 2.)

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b). Pleadings filed by unrepresented parties must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Section 1915(e)(2) provides that the court "shall" dismiss any case brought in forma pauperis "if the court determines" the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. Section 1915(e)(2) is not limited to prisoners or to suits against governmental defendants. *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001).

## LEGAL CLAIMS

Plaintiff's complaint must be dismissed as frivolous. A claim is frivolous if it is premised on an indisputably meritless legal theory or is clearly lacking any factual basis. *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). Examples are claims describing fantastic or delusional scenarios "with which federal district judges are all too familiar." *Id.* at 328.

Sections 1915A and 1915(e)(2) accord judges the unusual power to pierce the veil of the complaint's factual allegations and dismiss as frivolous those claims whose factual contentions are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). To pierce the veil of the complaint's factual allegations means that a court is not bound, as it usually is when making a determination based solely on the pleadings, to accept without question the truth of the plaintiff's

2

allegations. *Id*. But, this initial assessment of the plaintiff's factual allegations must be weighted in favor of the plaintiff. *Id*. A frivolousness determination cannot serve as a factfinding process for the resolution of disputed facts. *Id.* A finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them. *Id.* at 32-33. The complaint may not be dismissed simply because the court finds the plaintiff's allegations unlikely or improbable. *Id.* at 33.

Plaintiff's allegation that he invested 200 billion dollars in each of eight different companies and over 400 billion dollars in each of four credit card companies are wholly incredible and delusional. Furthermore, it is difficult to understand what he means when he says he "can apply" money "as leverage" on his tax forms, but whether he is alleging he has or is entitled to over 21 trillion dollars is also delusional and wholly incredible. Consequently, under Sections 1915A and 1915(e)(2) the Court pierces the veil of Plaintiff's factual allegations and finds Plaintiff's claims frivolous.

## CONCLUSION

For the foregoing reasons, the case is DISMISSED without leave to amend as frivolous. The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: September 15, 2023

JACQUELINE SCOTT CORLEY
United States District Judge